1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL MOORE,                         No.  2:19-cv-01314-MCE-KJN

12             Plaintiff,

13        v.                                **ORDER**

14   COUNTY OF SOLANO and SOLANO
     COUNTY SHERIFF'S DEPARTMENT,
15
             Defendants.
16

17        On February 18, 2021, the Court ordered Plaintiff Michael Moore ("Plaintiff") and

18   Defendants County of Solano and Solano County Sheriff's Department (collectively,

19   "Defendants") to file a Joint Status Report ("JSR") within ten days.[1]  ECF No. 15.

20   However, the parties did not file a JSR or otherwise respond to the Court's order.  On

21   May 26, 2022, the parties were "again ordered to file a JSR as previously directed and

22   are further ordered to show cause in writing in that JSR why sanctions should not be

23   imposed for failing to follow the orders of this Court."  ECF No. 18.  The deadline to do

24   so was June 3, 2022, but to date, no JSR or response has been filed.

25        Eastern District of California Local Rule 110 provides that the "[f]ailure of counsel

26   or of a party to comply with these Rules or with any order of the Court may be grounds

27        [1] Defendants City of Fairfield, Fairfield Police Department, and Scott Ledford were dismissed from
     this action on December 4, 2019.  ECF No. 14.  These Defendants filed a response to the Court's minute
28   order confirming their dismissal.  ECF No. 16.

                                            1

1   for imposition by the Court of any and all sanctions authorized by statute or Rule or

2   within the inherent power of the Court."  "District courts have inherent power to control

3   their dockets" and "[i]n the exercise of that power they may impose sanctions including,

4   where appropriate, default or dismissal."  Thompson v. Housing Auth. of City of L.A.,

5   782 F.2d 829, 831 (9th Cir. 1986).  Prior to dismissing an action, however, this Court

6   must consider the following:  "(1) the public's interest in expeditious resolution of

7   litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

8   defendants; (4) the public policy favoring disposition of cases on their merits[;] and

9   (5) the availability of less drastic sanctions."  Id.

10          Having considered each of the above factors, the Court finds dismissal is

11   warranted here.  This case has already been on file for over three and a half years, and

12   it has been over two years since any action was taken by Plaintiff.  In light of the parties'

13   failures to respond to both the Court's order to file a JSR and order to show cause,

14   neither the Court nor the public have any hope of moving the action expeditiously toward

15   any kind of resolution absent their participation.  As for the risk of prejudice to

16   Defendants, "[t]he law presumes injury from unreasonable delay."  Anderson v. Air West,

17   Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The parties were given two lengthy opportunities

18   to respond to court orders and warned that sanctions may be imposed for failing to

19   comply, which shows that the Court considered less drastic measures.  Ultimately, these

20   four factors outweigh the public policy favoring disposition on the merits.

21          Because Plaintiff has failed to prosecute this action in two years and the parties

22   have ignored this Court's consecutive orders, this action is hereby DISMISSED without

23   prejudice.  The Clerk of Court is directed to close the case.

24          IT IS SO ORDERED.

25   Dated:  February 11, 2023

26

27   _____
     MORRISON C. ENGLAND, JR.
     SENIOR UNITED STATES DISTRICT JUDGE

28

2